IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nykeem Tayquan Odom,<br><br>Petitioner,<br><br>v.<br><br>Warden of FCI Williamsburg,<br><br>Respondent. | C/A No. 4:25-cv-11960-JFA-TER<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Nykeem Tayquan Odom, ("Petitioner"), proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Specifically, the Magistrate Judge conducted an initial review of Respondent's motion to dismiss or alternatively for summary judgment. (ECF No. 25). After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's motion should be granted, and the petition denied. (ECF No. 32). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report. (ECF No. 35). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 32). In short, Petitioner filed this action to challenge the Bureau of Prison's ("BOP") refusal to credit his federal sentence for time spent in state custody, and its denial of a *nunc pro tunc* ("NPT") designation. The Report concluded that the petition should be dismissed for failure to exhaust, or alternatively, on the merits. (ECF No. 32, p. 9).

In response, Petitioner enumerates two specific objections. (ECF No. 35). First, Petitioner objects to the Report's determination that he failed to exhaust his administrative remedies. *Id.* at 2. Second, Petitioner avers that the Report failed to "properly analyze concurrent sentencing." *Id.* Each objection is addressed herein.

Objection 1

In his first objection, Petitioner argues that the Report erred in finding he failed to exhaust his administrative remedies because the available process became an "illusory remedy," incapable of use. (ECF No. 35, p. 2). The law regarding the requirement to exhaust administrative remedies prior to filing a § 2241 petition is well settled, accurately described in the Report, and accordingly incorporated here by reference. (ECF No. 32, pp. 2–3). The Report recommends the petition be dismissed for failure to exhaust administrative remedies or, alternatively, on the merits. *Id.* The Undersigned agrees that even if credence is given to Petitioner's position such that he is found to have exhausted his administrative remedies, the merits of his petition are deficient as discussed below. Accordingly, a determination of whether Petitioner exhausted his administrative remedies is inconsequential to this Court's determination. Therefore, Petitioner's first objection is dismissed.

Objection 2

Petitioner argues that the Report failed to "properly analyze concurrent sentencing." (ECF No. 35, p. 2). Specifically, Petitioner states that the BOP failed to consider the state court's express concurrency order, apply § 3621(b) factors, and conduct an individualized analysis. *Id.* at 3. Further, Petitioner avers that the Report failed to consider the applicability of *Barden v. Keohane,* 921 F.2d 476 (3d Cir, 1990); *Willis v. United States,* 438 F.2d 923, 925 (5th Cir. 1971); and *Kayfez v. Gasele,* 993 F.2d 1288, 1288 (7th Cir. 1993). *Id.* Finally, Petitioner also argues that the BOP's denial of an NPT designation nullifies the state court's

order of concurrency which undermines the intended sentencing structure. For the reasons stated herein, the arguments raised in Petitioner's second objection are denied.

Petitioner is seeking prior custody credit against his federal sentence for time spent in state custody, as well as an NPT designation. Importantly, Respondent presents evidence that prior custody credit was applied to Petitioner's state sentence for July 9, 2019, through July 10, 2019, which covers the time period Petitioner was arrested and jailed by state authorities for multiple charges which were later dismissed. Further, prior custody credit was applied for March 15, 2023, through April 6, 2023, which covers the time Petitioner remained in state custody on a federal detainer after completing his state sentence.

On May 20, 2024, the Designation and Sentence Computation Center ("DSCC") received correspondence from Petitioner requesting his time spent in state custody be applied to his federal computation. A letter was sent to the federal sentencing court to solicit the position of the court regarding retroactive designation of the state institution for the concurrent service of the federal sentence, the court did not respond. Accordingly, the BOP reviewed the case under the factors detailed in 18 U.S.C. § 3621(b) and determined that a retroactive designation was not appropriate. During this review, the BOP determined that Petitioner was entitled to additional prior custody credit beginning October 30, 2022, through March 14, 2023, pursuant to 18 U.S.C. § 3585. A state custody credit was applied to Petitioner's federal sentence for this time period, thereby awarding Petitioner 161 days of prior custody credit.

The Report found that the BOP did not abuse its discretion in determining when Petitioner's sentence commenced, in calculating Petitioner's prior custody credit in

accordance with 18 U.S.C. § 3585(b) to avoid double crediting Petitioner with time, nor in declining to make an NPT designation under 18 U.S.C. § 3621(b). Petitioner argues that the Report failed to consider applicable case law, improperly analyzed concurrent sentencing, and erred in finding the BOP considered the § 3621(b) factors with individualized analysis. (ECF No. 35).

First, upon a *de novo* review of Petitioner's filings and the case law cited in his objections, the Undersigned overrules Petitioner's objection. In *Barden,* the question before the Third Circuit Court of Appeals was whether the district court erred in denying the petitioner's writ for habeas corpus where the BOP failed to recognize its power to have a state facility designated NPT as a place of federal confinement. *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990). This is not the issue presented before this Court and is accordingly ineffectual in supporting Petitioner's arguments.

Petitioner additionally cites to *Willis v. United States,* 438 F.2d 923, 925 (5th Cir. 1971)*,* and *Kayfez v. Gasele,* 993 F.2d 1288, 1288 (7th Cir. 1993), arguing that the Report failed to consider that "[t]hese doctinres allow limited credit in concurrent sentencing situations where strict application of § 3585(b) would defeat concurrency." (ECF No. 35, p. 3). First, it is important to note that Petitioner is not serving concurrent sentences despite his wishes otherwise given the BOP's denial of an NPT designation. Further, the Court fails to find support for Petitioner's arguments upon reviewing these factually distinguishable cases from other circuits.

The record reflects that the BOP, in exercising its broad discretion in evaluating NPT requests, appropriately reviewed Petitioner's request under the factors set out in §

3621(b) despite Petitioner's objections otherwise. "So long as BOP undertakes an individualized review of an inmate's case and makes a decision to deny a request for designation nunc pro tunc after analyzing the five relevant factors prescribed by § 3621, habeas corpus relief from its determination is unavailable." *Ussery v. Dunbar*, No. 1:22-cv-01924-DCN, 2023 WL 5425039, at *5 (D.S.C. Aug. 23, 2023) (citation omitted).

While Petitioner argues that this individualized assessment resulted in a determination contrary to the state court's recommendation that the sentence not run concurrent to the federal sentence, there is no requirement that the BOP defer to the state court's recommendation. *Winters v. Kallis*, 766 F. App'x 393, 396 (7th Cir. 2019) ("As the BOP correctly recognized, a state court has no authority to order that a federal sentence run concurrently to a state sentence.").

For the reasons stated herein, Petitioner's objections are overruled.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 32). For the reasons discussed above and in the Report, Respondent's motion for summary judgment (ECF No. 25) is granted and the Petition is denied.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 14, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."